UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERONICA AND JOEL GUTIERREZ,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>STATE FARM INSURANCE CO., *et al.*,<br><br>　　　　　　Defendant. | Case No.: 12-5846 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT**<br><br>**(Re: Docket No. 15)** |

Defendant Ally Financial Inc. ("Ally Financial") moves to dismiss and to strike the claims brought against it by Plaintiffs Joel Gutierrez ("J. Gutierrez") and Veronica Gutierrez ("V. Gutierrez"). On March 12, 2013, the parties appeared for a hearing. Having considered the parties' papers and arguments, the court GRANTS-IN-PART Ally Financial's motion to dismiss as to certain claims.

## I.   BACKGROUND

On November 27, 2007, J. Gutierrez purchased a Pontiac Solstice from Capitol Buick Pontiac GMC ("Capitol").[1] He financed roughly $34,000 of the purchase price by entering into a Retail Installment Service Contract ("RISC") with the dealership.[2] Capitol told J. Gutierrez that

---

[1] *See* Docket No. 29.

[2] *See* Docket No. 16, Ex. B.  V. Gutierrez was not a party to the RISC or GAP Addendum.

ORDER

1

guaranteed automobile protection ("GAP") insurance would cover the difference between what the insurance actually paid and the amount owed on the loan in the event of a total loss of the vehicle.[3] J. Gutierrez elected to purchase the GAP insurance protection.[4] Although J. Gutierrez alleges that he never read the GAP addendum ("GAP Addendum") and never received a copy, he admits to signing it and both the RISC and the GAP Addendum bear his signature.[5]

Capitol assigned its interest in the RISC and GAP Addendum to General Motors Acceptance Corporation ("GMAC").[6] According to J. Gutierrez, GMAC subsequently changed its name to Ally Bank and their debt collections functions were transferred to its sham subsidiary Ally Financial.[7]

Pursuant to the RISC, J. Gutierrez took out a State Farm auto insurance policy on the car and named Ally Bank as the lien holder.[8] Sometime between July 31, 2010, and August 5, 2010, the Solstice was stolen.[9] At the time of the theft, the car was worth about $30,000.00 with $18,000 owed to Ally Bank on the RISC.[10] On August 5, 2010, J. Gutierrez reported the theft to police and shortly thereafter, to State Farm and to Ally Financial.[11] State Farm allegedly refused to pay J. Gutierrez's claim or to contact Ally Financial on his behalf.[12]

---

[3] *See* Docket No. 29 ¶ 3.

[4] *Id.* ¶ 2.

[5] *Id.* ¶¶ 7, 8.

[6] *Id.*

[7] *Id.*

[8] *See* Docket No. 29 ¶ 7.

[9] *Id.* ¶ 3.

[10] *Id.* ¶ 4.

[11] *Id.* ¶ 6.

[12] *Id.* ¶¶ 3, 6.

ORDER

2

When J. Gutierrez reported the theft to Ally Financial, two representatives allegedly advised him that he should stop making payments on the RISC and that he would be paid in full by either State Farm or the GAP insurance provider.[13]  Purporting to rely on that advice, J. Gutierrez stopped making payments and defaulted on the RISC.[14]  He never contacted the GAP claims administrator as required by the GAP Addendum nor did he contact Ally Bank.[15]

Around November 2010, the vehicle was recovered with substantial damage.[16]  When J. Gutierrez reported the recovery to State Farm, it refused to pay and instead instituted a fraud investigation into his claim.[17]  Dunn's Tow recovered the damaged vehicle, apparently refused to allow J. Gutierrez to inspect the car, and demanded $3,000 in fees.[18]  State Farm took possession of the car from Dunn's Tow and eventually the car was sold.  J. Gutierrez does not know which defendant is responsible for the sale.[19]

On May 2, 2011, J. Gutierrez filed suit against Ally Financial, State Farm, and Dunn's Tow in Santa Clara County Superior Court alleging violation of the Fair Debt Collections Practices Act ("FDCPA"),[20] violation of California's Rosenthal Act ("RFDCPA"),[21] breach of contract, insurance bad faith, and conversion.[22]  On June 23, 2011, State Farm removed the case to this court

---

[13] *See* Docket No. 29 ¶ 5.  In reality, the GAP Addendum provides for cancellation of the outstanding loan not covered by insurance. *See* Docket No. 16 Ex. B.

[14] *Id.* ¶ 6.

[15] *Id.* ¶¶ 5, 8, 14.

[16] *Id.* ¶ 3.

[17] *Id.*

[18] *Id.* ¶¶ 8, 11

[19] *See* Docket No. 29 ¶¶ 9, 11.

[20] *See* 15 U.S.C. § 1692.

[21] *See* Cal. Civ. Code § 1788.

[22] *See* Docket No. 15 at 1.

ORDER

pursuant to 28 U.S.C. § 1331 based on Gutierrez' FDCPA claim.[23]  The case was assigned to U.S. District Judge Edward Davila.

On July 13, 2011, J. Gutierrez voluntarily dismissed Dunn's Tow,[24] the only California defendant.  On July 14, 2011, Judge Davila entered an order to the same effect.[25]  The order is silent as to whether dismissal was with or without prejudice so Rule 41(a) provides that the dismissal was without prejudice.[26]

On August 19, 2011, Ally Financial moved to dismiss the complaint pursuant to Rule 12(b)(6).[27]  On February 7, 2012, Judge Davila issued an order dismissing most of Gutierrez's claims ("February 7 order").[28]  He dismissed the FDCPA and RFDCPA claims because Gutierrez had not sufficiently pleaded that the car loan was a consumer debt or that Ally Financial was a debt collector.[29]  V. Gutierrez's breach of contract and insurance bad faith claims were dismissed with prejudice because she was not a party to the underlying RISC, GAP Addendum, or the insurance policy.[30]  J. Gutierrez's breach of contract claim was dismissed because he failed to identify whether Ally Financial breached the RISC, the GAP Addendum, or both; failed to identify what conduct of Ally Financial constituted a breach; and failed to plead his performance or excuse of nonperformance.[31]  Finally, the court held that J. Gutierrez failed to state a bad faith insurance

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *See* Fed. R. Civ. P. 41(a).

[27] *See* Docket No. 15 at 1.

[28] *See* Docket 16, Ex. A.

[29] *Id.*

[30] *Id.*

[31] *Id.*

ORDER
4

claim because he had not adequately pleaded that Ally Financial had a duty to act and therefore could not have unreasonably carried out its duty.[32] The court denied Ally Financial's motion to dismiss the conversion claim.[33]

On February 20, 2012, J. Gutierrez filed his first amended complaint ("FAC"), asserting claims for violation of the FDCPA, violation of the RFDCPA, breach of contract, and insurance bad faith.[34] Despite the prior dismissal of Dunn's Tow, Gutierrez listed it as a defendant and the complaint contains numerous facts about its role in the events underlying the suit.[35] V. Gutierrez reasserted her breach of contract claim even though in its February 7 order the court dismissed the claim with prejudice.[36] Although the conversion claim survived the February 7 order, J. Gutierrez did not assert it in the FAC.

On March 7, 2012, Ally Financial again moved to dismiss the FAC, arguing that J. Gutierrez still failed to assert a claim.[37] On October 7, 2012, Judge Davila issued his second order dismissing J. Gutierrez's FDCPA claim ("October 7 order").[38] The order acknowledged that J. Gutierrez sufficiently pleaded that the loan qualified as a consumer debt, but held that Ally Financial fell within the Section 1692a(6)(F)(iii) exemption to the FDCPA.[39] Section 1692a(6)(F)(iii) exempts "entities collecting or attempting to collect any debt owed or due or asserted to be owed or due another . . . to the extent such activity concerns a debt which was not in

---

[32] *Id.*

[33] *See* Docket 16, Ex. A.

[34] *Id.*

[35] *See* Docket No. 29.

[36] *Id.*

[37] *Id.*

[38] *See Gutierrez v. State Farm Mut. Ins. Co.*, Case No. 5:11-cv-03111 EJD, 2012 U.S. Dist. LEXIS 148234, at *2 (N.D. Cal. Oct. 15, 2012).

[39] *Id.*

ORDER

5

default at the time it was obtained by such person."[40]  According to the FAC, J. Gutierrez was making payments to Ally Bank at the time Ally Financial allegedly advised him to stop making payments.  The loan was not in default at the time Ally Financial was servicing the loan and their attempts to collect could not constitute a debt collection for the purposes of the FDCPA.  Judge Davila therefore dismissed the FDCPA claim with prejudice.  Having dismissed the FDCPA claim, the court *sua sponte* ruled that it no longer had federal question jurisdiction over the case and declined to exercise supplemental jurisdiction over the remaining claims.[41]  The case was then remanded to state court.  The order did not address whether the FAC adequately pleaded the RFDCPA, breach of contract, and insurance bad faith claims.[42]

On November 14, 2012, Ally Financial again removed the case to this court, but this time based on diversity jurisdiction.[43]  The case was assigned to the undersigned and all parties consented to the exercise of magistrate judge jurisdiction.[44]  Despite naming California resident Dunn's Tow as a defendant in the complaint, State Farm and Gutierrez joined in the removal.[45]  The operative complaint is identical to the February 20, 2012 FAC.[46]  Gutierrez asserts against Ally Financial the same FDCPA and RFDCPA violations, breach of contract, and insurance bad faith.[47]  The court therefore refers to the operative complaint as the FAC.

---

[40] 15 U.S.C. § 1692a(6)(F)(iii).

[41] *See Gutierrez*, 2012 U.S. Dist. LEXIS 148234, at *9-10.

[42] *Id.*

[43] *See* 28 U.S.C. § 1332; s*ee also* Docket No. 1.

[44] *See* Docket Nos. 6, 8.

[45] *See* Docket No. 2.

[46] *Compare* Docket No. 29 *with Gutierrez v. State Farm Mut. Ins. Co.*, Case No. 5:11-cv-03111 EJD, Docket No. 34.

[47] *See* Docket No. 29.

ORDER

Ally Financial now moves to dismiss and requests the court take judicial notice of the February 7 order and copies of the RISC and GAP Addendum.[48] Ally Financial also moves to strike certain portions of the FAC, namely the Gutierrez's prayer for punitive damages, attorneys' fees other than those associated with the RFDCPA claim, and emotional distress associated with the FDCPA claim.[49]

## II.     DISCUSSION

### A.     Request for Judicial Notice

Ally Financial requests judicial notice of the February 7 order and copies of the RISC and the GAP Addendum.[50] Gutierrez does not object to the request. The authenticity of the February 7 order is not in dispute and may be verified by resort to the public record.[51] The RISC and the GAP Addendum are referenced generally in the operative complaint.[52] Defendants' request for judicial notice is GRANTED as to all of the documents. The court will not rely on facts contained in these documents that reasonably may be subject to dispute.[53]

### B.     Motion to Dismiss

As an initial matter, the court addresses the inclusion of the breach of contract and insurance bad faith claims brought by V. Gutierrez and the FDCPA claim brought by J. Guiterrez, and the listing of Dunn's Tow in the FAC. Despite having dismissed Dunn's Tow when this case

---

[48] *See* Docket No. 16.

[49] *See* Docket No. 23.

[50] *See* Docket No. 16.

[51] *See* Fed. R. Evid. 201(b)(2).

[52] *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (judicial notice extends to documents not expressly referenced in the complaint, but upon which plaintiff's complaint necessarily relies).

[53] *See* Fed. R. Evid. 201(b)*; see also Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice).

ORDER
7

was before Judge Davila, and having not served it when the case was again removed to this court, J. Gutierrez continues to include it in the amended complaints he files.[54] Including Dunn's Tow appears to divest this court of subject matter jurisdiction because it is a California citizen, as is J. Gutierrez. On these grounds, the court might remand the case to state court. But because the court recognizes that the inclusion of Dunn's Tow in the caption of FAC appears to be an oversight, it will permit J. Gutierrez an opportunity to dismiss the corporation from the action. Any subsequent amended complaints with Dunn's Tow named as a defendant will be interpreted as an attempt to name it as a defendant in this case, and the court will address further its subject matter jurisdiction.

As to V. Gutierrez's claims and the FDCPA claims, the court notes that Judge Davila already dismissed them with prejudice, at which point claim preclusion attached. The doctrine of claim preclusion prohibits a second suit between the same parties on the same cause of action.[55] For purposes of applying the doctrine, a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action.[56] The term "with prejudice clearly means the plaintiff's right of action is terminated and may not be revived" and so "a dismissal with prejudice . . . bars any future action on the same subject matter."[57] V. Gutierrez's claims and the FDCPA claims are DISMISSED WITHOUT LEAVE TO AMEND.

1.   **RFDCPA Claim**

In the February 7 order, the RFDCPA claim was dismissed because J. Gutierrez failed to adequately plead that the car loan constituted a consumer debt. In the October 7 order, Judge

---

[54] *See See Gutierrez*, 2012 U.S. Dist. LEXIS 148234, at *9-10; Docket No. 29.

[55] *See Boeken v. Phillip Morris USA*, 48 Cal. 4th 788 (2010).

[56] *See Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of Am*, 133 Cal. App. 4th 1319, 1332 (2005); *Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 820-21 (1989); *Roybal v. Univ. Ford*, 207 Cal. App. 3d 1080, 1086-87 (1989); *Palmquist v. Palmquist*, 212 Cal. App. 2d 340, 343-44 (1963).

[57] *See Roybal*, 207 Cal. App. 3d at 1086-87:

ORDER
8

Davila acknowledged that J. Gutierrez adequately pleaded facts to support that the auto loan constituted a consumer debt transaction, but dismissed the RFDCPA claim for lack of jurisdiction.[58] Ally Financial argues that the claim still fails because J. Gutierrez has not identified what aspect of the RFDCPA Ally Financial allegedly violated.[59] J. Gutierrez responds that the operative complaint rectifies the failures noted by the court in the February 7 order and pleads facts sufficient to establish a violation of the RFDCPA regardless of whether he identified a specific provision of the RFDCPA.

As the October 7 order acknowledged, J. Gutierrez adequately pleads that the auto loan is a consumer debt under the RFDCPA. Gutierrez alleges that the vehicle was purchased for personal use on credit and he identified the RISC which recites the date of creation and other particulars of the debt.[60] He alleges that as Ally Bank's collection subsidiary, Ally Financial, in its ordinary course of business, attempted to collect Gutierrez's debt owed to Ally Bank. Gutierrez also pleads that Ally Financial's actions, including failing to notify him that he was in default on his loan, violated the RFDCPA.[61] He therefore has corrected the deficiencies noted in the February 7 order.

Ally Financial asserts that regardless of the correction of those deficiencies, J. Gutierrez's complaint still must be dismissed because it fails to specify which section of the RFDCPA Ally Financial violated. The Rosenthal Act prohibits debt collectors from engaging in certain deceptive practices in their attempts to collect consumer debts arising from consumer credit transactions.[62] It

---

[58] Unlike the FDCPA, the RFDCPA does not provide exceptions based on when the debt accrued or when the rights to the debt were obtained. Ally Financial therefore is not exempt from the RFDCPA and the court's reasoning in the Second Order for dismissing the FDCPA claim does not apply to the RFDCPA claim.

[59] *See* Docket No. 15.

[60] *See* Docket No. 19 ¶¶ 27-28.

[61] *See* Docket No. 29 ¶¶ 29-30.

[62] *See* Cal. Civ. Code §§ 1788.10, 17.88.11, 1788.12, 1788.13, 1788.14, 1788.15, 1788.16.

ORDER
9

contains numerous sections, with each section describing various actions that violate the act.[63] The prohibited conduct ranges from "the use, or threat of use, of physical force or violence or any criminal means to cause harm to the" debtor,[64] to "[u]sing obscene or profane language,"[65] to "[c]ommunicating with the debtor's employer regarding the debtor's consumer debt,"[66] to "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered."[67] In short, the RFDCPA creates liability for a wide range of activities.

Despite the fact that the RFDCPA prohibits many specifically-defined types of conduct as well as the actions prohibited in the federal Fair Debt Collections Practices Act ("FDCPA"),[68] in the complaint, J. Gutierrez states only that "[t]he unfair and deceptive collection practices set forth also violate the California fair debt collection practices act, also known as the Rosenthal Act."[69] He does not articulate, however, either the FDCPA sections or the RFDCPA sections he claims these alleged actions violate. This failure is grounds enough for dismissal of the RFDCPA claim.[70]

Because J. Gutierrez managed to correct the earlier deficiencies in the FAC and because this is the first time the court has identified that the lack of specificity in the complaint is grounds for dismissal, the court finds leave to amend is appropriate. The RFDCPA claim therefore is DISMISSED WITH LEAVE TO AMEND.

---

[63] *See, e.g.*, *id.* § 1788.10 (describing six types of prohibited conduct); § 1788.11 (describing five other types of prohibited conduct).

[64] *See id.* § 1788.10(a).

[65] *See id.* § 1788.11(a).

[66] *See id.* § 1788.12(a).

[67] *See id.* § 1788.14(b).

[68] *See id.* § 1788.17.

[69] Docket No. 29 ¶ 33.

[70] *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (dismissing RFDCPA claim in part because plaintiff failed to allege which sections were violated).

ORDER
10

### 2. Breach of Contract Claim

The February 7 order dismissed J. Gutierrez's breach of contract claim because he failed to identify what terms of the RISC, the GAP Addendum, or both, Ally Financial had breached and failed to plead his performance or excuse of nonperformance.[71] In the FAC, J. Gutierrez alleges that Ally Financial breached the RISC when it refused to cancel his debt after the theft in violation of the GAP provision of the RISC.  J. Gutierrez asserts that he was excused from the GAP Addendum requirements because he never saw the GAP Addendum.[72] Ally Financial argues that J. Gutierrez still fails to identify which terms of the contract Ally Financial breached and his proffered excuse for nonperformance based on his failure to read the GAP Addendum before execution is inadequate as a matter of law.

A claim for breach of contract requires: "(1) the existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."[73]  A party that admits in its pleadings that it did not perform must plead its excuse for nonperformance.[74]  Legal excuses for nonperformance include, for example,

---

[71] *See Gutierrez v. State Farm Mut. Ins. Co.*, Case No. 5:11-cv-03111 EJD, Docket No. 17, at 6-7.

[72] The GAP Addendum requires:

> In the event of a constructive total loss, you must notify and provide all of the following to our GAP Administrator . . . 1. a complete copy of the primary insurance settlement, including the valuation report; 2. a copy of the original financing contract and this addendum; 3. a copy of the accident/police report; 4. a copy of your automobile insurance policy; 5. a copy of the payoff from the financial institution/lender as of the date of loss; 6. a copy of the insurance settlement check; and 7. any additional reasonable documentation requested by our GAP administrator or us. *The GAP administrator will not obtain this information for you.* The GAP administrator must receive this documentation within 90 days of settlement by your primary carrier. *No payment will be made if this documentation is not provided to the GAP administrator within this stated time period.*

[73] *CDF Firefighters v. Moldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

[74] *See Herdal v. Sheeby*, 173 Cal. 163 (1916).

ORDER
11

impossibility of performance[75] and situations where acts of God prevent performance.[76] Failure to read a contract, however, is not a valid excuse for performance.[77] A party in breach without a legal excuse for nonperformance cannot complain of later breach by the other party.[78]

J. Gutierrez attempts to take the benefit of the GAP coverage pursuant to the RISC. The RISC provision upon which he relies reads:

> OPTIONAL GAP CONTRACT: A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the entire charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.[79]

Having elected to purchase the GAP insurance, the RISC clearly informs Gutierrez that he must comply with the terms of the GAP Addendum in order to take the benefit of the GAP coverage. J. Gutierrez admits that he never contacted the GAP claims administrator as required by the GAP Addendum, nor performed any of the other requirements.[80] Although Gutierrez asserts he was excused because he never received a copy of the GAP Addendum, his signature is on the GAP addendum.[81] His failure to read the contract is not a valid excuse for nonperformance.

Even if J. Gutierrez is excused from the requirements in the GAP Addendum, he admits that he stopped making payments on the loan and was therefore in default on the RISC. He asserts that he did not need to continue making payments because the Ally Financial representatives told

---

[75] *See Mineral Park Land Co. v. Howard*, 172 Cal. 289 (1916).

[76] *See* Cal. Civ. Code § 1511(2).

[77] *See, e.g., Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1301 (9th Cir. 2006); *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 20 Cal. App. 3d 668, 671 (1971).

[78] *See Los Angeles Gas & Elec. Co. v. Amalgamated Oil Col.*, 168 Cal. 140, 143 (1914).

[79] *See* Docket No. 16, Ex. B.

[80] *See* Docket No. 29 ¶¶ 7-8.

[81] *See* Docket No. 16 Ex. C.

ORDER
12

him to stop making payments.[82]  But J. Gutierrez agreed that the contract could only be changed through written modification and that "[n]o oral changes are binding."[83]  Assuming that Ally Financial's representatives in fact made the representations that J. Gutierrez alleges, those statements are insufficient to modify his obligations under the contract.[84]  Having breached the RISC and not pleaded an adequate excuse for nonperformance, J. Gutierrez cannot state a claim against Ally Financial for nonperformance.[85]

Despite two attempts to amend the complaint to adequately plead a breach of contract claim against Ally Financial, J. Gutierrez still fails to plead a proper claim.  Leave for further amendment would be futile in light of J. Gutierrez's admitted nonperformance and lack of excuse.  The breach of contract claim is DISMISSED WITHOUT LEAVE TO AMEND.

### 3. Insurance Bad Faith and Breach of the Implied Covenant Claim

In the February 7 order, the court dismissed the insurance bad faith claim because J. Gutierrez did not adequately plead that Ally Financial had a contractual duty to perform.  Absent a duty to perform, Ally Financial could not have unreasonably delayed in performing its duties.[86]  In the FAC, J. Gutierrez again asserts insurance bad faith against Ally Financial.  Ally Financial argues that the claim as amended is substantially similar to the original allegation and does not correct the deficiencies pointed out by the court.  Although he does not directly respond to the bad faith insurance argument, J. Gutierrez responds that he has sufficiently stated a claim for breach of the implied covenant based on Ally Financial's refusal to cancel his debt.

---

[82] *See* Docket No. 29 ¶¶ 6, 17.

[83] Docket No. 16 Ex. B.

[84] *See Conley v. Matthes*, 56 Cal. App. 4th 1453, 1466 (1997) ("Oral modifications of written agreements are precluded only if the written agreement provides for written modification.").

[85] *See Los Angeles Gas & Elec. Co.*, 168 Cal. at 143.

[86] *See* Docket 16, Ex. A.

ORDER
13

"In addition to the right to sue an insurer in contract, if the insurer acts unreasonably and without proper cause in failing to investigate a claim, refusing to provide a defense, or either delaying or failing to pay benefits due under the policy, the insured can sue in tort for breach of the covenant of good faith and fair dealing."[87] "[T]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of [a] contract, and cannot be extended to create obligations not contemplated by the contract."[88] The ultimate test of bad faith liability is whether a refusal or alleged delay was unreasonable.[89]

J. Gutierrez does not adequately plead insurance bad faith or breach of the implied covenant against Ally Financial. First, the GAP Addendum was assigned to Ally Bank – not Ally Financial – and so it can only obligate Ally Bank to perform. Although he asserts that Ally Financial is an alter ego of Ally Bank, J. Gutierrez pleads no facts to support that assertion. Even if Ally Financial is bound by J. Gutierrez's contract with Ally Bank, Ally Financial's duty to cancel was conditioned on J. Gutierrez properly notifying the GAP claims administrator of the theft, which he admits he never did.[90] Ally Bank's duty to cancel the debt was never triggered.

In the absence of a contractual duty to perform, Ally Bank could not have unreasonably delayed in performing its contractual duty, nor breached the covenant of good faith by failing to perform its contractual duty in a reasonable manner. Gutierrez cannot state a claim for bad faith insurance or breach of the implied covenant against Ally Financial and the claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

---

[87] *Richards v. Sequoia Ins. Co.*, 195 Cal. App. 4th 431, 438 (2011) (*citing Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1093 (2005)).

[88] *See Pasadena Live, LLC v. City of Pasadena,* 114 Cal. App. 4th 1089, 1093-94 (2004).

[89] *See Chateau Chamberay Homeowners v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001).

[90] *See* Docket No. 29 ¶ 7; *see also* Docket No. 16, Ex. C.

ORDER
14

**C.     Motion to Strike**

Fed. R. Civ. P. 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, however, the court is dismissing all of J. Gutierrez's claims. The court therefore DENIES AS MOOT Ally Financial's motion to strike.

### III. CONCLUSION

J. Gutierrez's RFDCPA claim is dismissed without prejudice. All other claims are dismissed with prejudice and the motion to strike is denied as moot. J. Gutierrez may file an amended complaint in compliance with this order within seven days.

**IT IS SO ORDERED.**

Dated: May 31, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

ORDER
15